Cox, J.
The questions in this case arise on distribution of the purchase-money of real estate held by perpetuaLlease, with the privilege of purchase at any time by|[the lessee. Hannah Louisa Wade in 1848 leased a lot in^Cincinnati to one Burnet for ninety-nine years, renewable forever, with the privilege of purchase at any time for $800. Burnet^assigned his lease to Loewenstein. Miss Wade in 1854’ married Thomas E. Townsend, and with him resided in the’state of New York until her death in 1861. She left surviving her a husband and one son, Edward W. Townsend. The son died unmarried and intestate in New York in 1872, and the father died in New York in 1884. On the 27th of April, 1886, Loewenstein filed his petition in the Court of Common Pleas of Hamilton County, Ohio, setting up that he desired to avail himself of the option to purchase, as provided^in the lease,§and to obtain a deed, but that he was unable to decide to whom the purchase-money should be paid, as claims are made for it by the heirs of Mrs. Townsend, by her administrator, as also by the administrator of her deceased husband. He asks to bring the money into court and have these respective claimants inter-plead.
It is claimed by counsel for' the -administrator of Mr. and Mrs. Townsend, and this seems to be the weight of authority of cases decided by the English’courts, that where-a lessee with the privilege of purchase, or jany other purchaser with *70 an option, duly declares his option after the death of the lessor or vendor, who is the owner of the fee, the realty is thereby converted retrospectively as between those claiming under the lessor or vendor, or under Iiis will; that is, as between the heir or devisee on one side, and the legatees or next of kin on the other, the proceeds will go to his personal representatives, though the heir or devisee will be entitled to the rent up to the time when the option is declared. 3 Pomeroy Equity, sec. 1163; Laws v. Bennett, 1 Cox, 167; Townley v. Bedwell, 14 Vesey Jr. 591.
The first case reported is that of Laws v. Bennett, 1 Cox, 167, and the next Townley v. Bedwell, 14 Vesey Jr. 591. In the latter case Lord Elden cited from his notes the case of Laws v. Bennett, and remarked, “ That case was very much argued, and I do not mean to say that a great deal may not be urged against it, but when there is a decision precisely in point, it is better to follow it.” Mr. Pomeroy, in a note to sec. 1163, says this rule is plainly one which may operate in many cases very harshly, since the option might not be declared until possibly years after the vendor’s death; and its correctness on principle has been doubled by the ablest judges. It has recently been decided that it shall not be extended; that its operation is confined to the question of conversion as between the heir or devisee of the vendor and his personal representatives, and that it does not apply as between the vendor and purchaser themselves; as between these two parties the conversion does not and cannot take place until the purchaser declares his option.” Edwards v. West, Law Rep., 7 Chy. Div. 858, etc.
The latter principle was recognized in this state in Gilbert & Ives v. Port, 28 Ohio St. 276 and following. •
In the case of Buchwalter, adm’r v. Klein, in 1st Bulletin, 100, and reported again in 2 American Law Rec. 347, the Superior Court of Cincinnati adopted the English rule, and held that “if the option to purchase is not exercised until after the death of the vendor, the legal title descends to the heir, but the latter may be compelled to perform his ancestor’s contract specifically, and the personal representative of the ancestor will be entitled to the purchase-money. But in all these cases *71 upon which the rule was built, there was none of them the case of a perpetual lease with a perpetual right to purchase.
The case of Laws v. Bennett, 1 Cox, was that of a lease for seven years from October 2, 1758, with privilege of purchase after the 29th of September, 1761, and before the 29th of September, 1765.
In Townley v. Bedwell, 14 Vesey Jr., the lease was for thirty-three years with privilege of purchase — six years. In Buchwalter, adm’r v. Klein, 1st Bulletin and 2nd Amer. Law Rec., the lease and option were only for ten years.
The question as to whether this principle applies to perpetual leases with perpetual right to purchase, has not been decided by our Supreme Court, nor are the cases cited in point on that question, and we are not inclined to extend it to such cases as the present. Here the lease is a perpetual one with option of purchasing at any time on payment to the lessor or her heirs or assigns of the purchase-money. And although on her death the estate she held may, in contemplation of law, be regarded as having by that death been assigned to her administrator, yet there is no reason why after the lapse of sixteen years from her death, the purchase-money should go to the, administrator, without some strong reason that it is necessary to pay debts or legacies. If it would not be necessary for such purpose, it would be the duty of the administrator to pay it over to the heir; and now when all are parties, in this case, that course ought to be adopted which would prevent circuity of actions, and give the fund to the party who would ultimately be entitled to it. If the fund may absolutely be paid to the administrator after sixteen years, there is no reason why it may not be in two hundred or more years, when it would be impossible to ascertain who might be the distributees.
There are other reasons which induce us to doubt the propriety of such a rule. In the first place, it would give to a lessee the right, by exercising tbe option of purchase, to convert that which for many years, it may be, has been real estate, and enjoyed by the heirs of the lessor, into personal property, and to give the right thereto to the personal representatives of the lessor, and it mdiy well be doubted whether such result was in the contemplation of the parties to the contract. *72 Then too the opportunity it gives of collusion between the lessee and the personal representatives of the lessor is a strong argument against it. The lessee, if left to himself, may well be willing to continue paying the annual rent to the heirs, but if he can obtain the fee by paying the one-half or one-third of the purchase-money, as he might do by arrangement with the personal representatives, it would be a strong temptation to him to exercise the option and thus deprive the heir of his interest. We hold, therefore, that the purchase-money as well as accrued rents, go to the heirs-at-law of E. W. Townsend as next of kin to his mother.
Bates & Kaufman, for heirs.
Lincoln, Stephens & Lincoln, for administrators.